ACCEPTED
03-14-00737-CV
7609762
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/29/2015 11:49:45 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00737-cv

_____

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/29/2015 11:49:45 PM
JEFFREY D. KYLE
Clerk

_____

CHASE CARMEN HUNTER, APPELLANT/PLAINTIFF

v.

DAVID MATTAX IN HIS OFFICIAL CAPACITY AS COMMISSIONER
OF INSURANCE, AND THE TEXAS DEPARTMENT OF INSURANCE,
APPELLEES/DEFENDANTS

_____

APPELLANT'S OPPOSITION TO "APPELLEES' RESPONSE TO
APPELLANT'S EMERGENCY MOTION FOR CLARIFICATION OF THE
RECORD"

_____

From Cause D-1-GN-13001957 In The 250th District Travis
County, Texas, The Honorable John K. Dietz Presiding

_____

Chase Carmen Hunter, pro se
340 S. Lemon Ave. #9039
Walnut, CA 91789
Telephone: 707-706-3647
Facsimile: 703-997-5999
Chase_Hunter@yahoo.com

TO: THE JUSTICES OF THIS COURT

On October 27, 2015, Appellees filed their APPELLEES' RESPONSE TO APPELLANT'S EMERGENCY MOTION FOR CLARIFICATION OF THE RECORD ("Appllee Resp"). And it contains false statements that the Appellees know are false.

On page 2 of Appllee Resp, the Appellees state that a dismissal order appears on the "Clerk's Record at CR224-32", and the Appellees refer this court to their "Exhibit A" of Appellees' Brief. Presumably, the Appellees are referring to "Appendix A" of Appellees' Brief and not "Exhibit A".

This document shown in Appellees' Appendix A is not found in the record in the underlying cause in the Travis County Texas District Court ("TCTDC"). Hunter knows this because, on October 14, 2015, she personally viewed every document shown for the underlying cause at https://courts.co.travis.tx.us/CCO/ which TCTDC calls "Civil Courts Online" or "CCO". Hunter, who is indigent, was denied free access to the underlying record until a new free technology was made available that allowed Hunter free access to the underlying record on October 14, 2015.

This is significant because a TCTDC judge has only the TCTDC Clerk's record to rely upon when making decisions. Hunter has only the TCTDC Clerk's record to rely upon when making decisions.

And obviously, there is nothing on the document shown in Appellees' Appendix A that indicates that this document exists in the record in the underlying cause. Maybe this document exists in a filing cabinet somewhere. But that document, if it is genuine, does not exist in the underlying record and can not be relied upon for the purposes of this appeal except to show that the TCTDC Clerk produced a document that did not exist in the underlying record.

The fact is that Hunter has been denied access to the appellate record. There is absolutely no reason why Hunter should be denied access to the appellate record that the TCTDC Clerk provided for the purpose of this appeal.

Any expressed confusion on the part of the Appellees regarding the relief Hunter is requesting is undoubtedly feigned because Hunter's Emergency Motion For Clarification of the Record clearly states only that Hunter has been repeatedly denied access to the record and that she has a Due Process right to access the appellate record so that she can determine whether or not she agrees with the appellate record. Hunter can make no requests for designation of the record if she has been denied access to the record.

WHEREFORE, Hunter simply requests, that at a minimum, she be given a copy of the appellate record. There is

no reason for the Appellees to oppose Hunter's simple request to view/receive a copy of the record upon which this court will make its decision. The record on appeal can be faxed to Hunter or emailed to Hunter.

There is no valid reason to deny Hunter a copy of the appellate record. Any argument on the part of the Appellees that Hunter should not be given a copy of the appellate record is an explicit effort to conspire to deny Hunter is Due Process rights.

Respectfully Submitted,

/s/ Chase Carmen Hunter

Chase Carmen Hunter
Appellant, pro se
340 S. Walnut Ave. #9039, Walnut, CA 91789
Tel: 707-706-3647, Fax: 703-997-5999
Email: Chase_Hunter@yahoo.com

## CERTIFICATION

I, Chase Carmen Hunter, certify that I have reviewed this petition and conclude that every factual statement in the petition is supported by competent evidence included in the appendix or record.

*ceftt* 10/29/2015

_____
Chase Carmen Hunter

## CERTIFICATION

I, Chase Carmen Hunter, swear under penalty of perjury that the foregoing statements are true and correct.

_ce f tt_

_____         ___10/29/2015___
Chase Carmen Hunter


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon the parties shown below as indicated:

Cynthia A. Morales, Assistant Attorney General
By Efile on 10/29/2015
Cynthia.Morales@texasattorneygeneral.gov
Facsimile: (512) 477-2348

Velva L. Price
Clerk of Travis County Texas District Court
By Efile on 10/29/2015

_ce f tt_

_____
Chase Carmen Hunter